UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY, | ) ) ) | CASE NO. 1: 05 CV 0980 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| 10-8 SYSTEMS, INC., et al., | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon Defendant Enforcement Technology Inc.'s ("ETEC's") Motion To Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) Against Cuyahoga Metropolitan Housing Authority ("CMHA"). (ECF # 3.)

## I. BACKGROUND[1]

Plaintiff CMHA is a metropolitan housing authority and political subdivision. (Am. Compl. at ¶ 1.) In 1999, CMHA entered into a contract with Public Safety Management ("Public Safety"), under which Public Safety was to provide CMHA with law enforcement software including, *inter alia*, the LEADS/NCIC interface (the "1999 contract"). (*Id.* at ¶¶ 4-5.) Public Safety was also to provide maintenance services to CMHA, pursuant to the terms of a maintenance agreement. (*Id.* at ¶ 11.) Although the reason for the change is unclear, Public Safety later became known as 10-8 Systems, Inc. ("10-8 Systems"). (*Id.* at ¶ 7.)

In August 2003, CMHA received a letter from Gary Ward, the President and CEO at ETEC. (*Id.* at ¶ 8, Ex. C.) The letter stated, in pertinent part, the following:

> By now you should have received an email announcing the Business Partner

---

[1] The Court's recitation and use of these facts in resolving the instant Motion to Dismiss is based upon the parties' statements of fact as set forth in the respective pleadings.

> relationship between 10-8 Systems and Enforcement Technology, Inc. (ETEC). We are very excited about this opportunity to expand our law enforcement offerings to include the Public Safety Software from 10-8 Systems.
> All of us at ETEC are very pleased to have Mr. Timothy Fenlon join us as our Regional Director in Florida. Mr. Fenlon will have oversight responsibility to work with our national marketing staff for the expansion of the 10-8 Systems Public Safety Software across the country. Additionally he will have total responsibility for the promotion and support of our AutoCITE Systems in Florida.
> Our first priority will be to integrate support for the 10-8 Systems customers into the ETEC Technical Support Call Center to handle all first line support calls and route them to the appropriate resource for response and resolution. One of our engineers will be assigned as the Project Manager to oversee staff members from 10-8 System [sic]; George Oaks, Jeff Shelby and Donn Githens. A toll free number will be established at the Call Center, for 10-8 Systems' customers, to make certain inquiries, reported problems and questions are routed to the appropriate resource for resolution. You will get a staff person when you call and you will also have email access to the Call Center and staff.
> ETEC is now the Distributor for all of the 10-8 Systems products. ETEC/10-8 will be actively marketing these software solutions to their existing Customer base and potential new Customers. ETEC/10-8 will continue to market and sell the product and provide installation, implementation and training services to Customers. Additionally, ETEC/10-8 will also develop all of the new software products and provide these Enhancements/Releases for distribution on a timetable to be announced.

(*Id.*, Ex. C. at 1.)

In January 2004. CMHA's Board of Commissioners passed a resolution approving renewal of the maintenance agreement with ETEC. (*Id.* at ¶ 11.) The "Procurement Department Board Package" described the transaction with ETEC as, "Renewal of the Police Division annual computer maintenance agreement, which includes various reports, records operating systems, emergency 24 hour telephone support, and product/program enhancements." (*Id.*, Ex D, at 2.) Thereafter, CMHA issued a purchase order to ETEC. (*Id.* at ¶ 12.) In that document, CMHA described the transaction, in relevant part, as:

> RENEWAL OF THE ANNUAL MAINTENANCE AGREEMENT WHICH MAINTAINS THE CMHA POLICE COMPUTER REPORT AND RECORDS OPERATING SYSTEM IN A CURRENT OPERATIONAL STATE AND RELEASE LEVEL AGREEMENT IS TO PROVIDE EMERGENCY 24 HOUR TELEPHONE SUPPORT AND PRODUCT ENHANCEMENTS. RELEASE TO INCLUDE BUT NOT LIMITED TO

2

LERS/CAD/MAPPING AND LEADS/NCIC INTERFACE. COVERAGE OF THIS MAINTENANCE AGREEMENT WOULD BE FROM NOVEMBER 1, 2003 THROUGH OCTOBER 31, 2004.

(*Id.*, Ex E.)

On April 15, 2005, CMHA filed an Amended Complaint against 10-8 Systems and ETEC in the Court of Common Pleas for Cuyahoga County. In Count I of the Amended Complaint, CMHA attempts to bring a claim for "Failure to Perform" under a contract. (*Id.* at ¶¶ 20-23.) More specifically, CMHA alleges that "10-8 Systems/ETEC's failure to provide the LEADS/NCIC interface as required under their contract with CMHA was a material breach of contract entitling CMHA to damages." (*Id.* at ¶ 22.) CMHA also contends that "10-8 Systems/ETEC's failure to provide the contracted for service upgrades, customer support and maintenance as required under their contract" was a material breach of contract entitling CMHA to damages. (*Id.* at ¶ 23.)

In Count II of the Amended Complaint, CMHA asserts a claim for "Recovery of Payment." (*Id.* at ¶¶ 24-26.) CMHA alleges that it "paid 10-8 Systems/ ETEC $19,000.00 for the LEADS/NCIC interface," which it is entitled to recover, "on the ground of failure of consideration." (*Id.* at ¶¶ 25-26.)

In Count III of the Amended Complaint, CMHA alleges fraud by ETEC. (*Id.* at ¶¶ 27-32.) In particular, CMHA asserts that ETEC knowingly made false statements in the August 2003 letter from Gary Ward to CMHA. (*Id.* at ¶¶ 28-29.) CMHA also claims that ETEC "failed to disclose the fact that 10-8 Systems was apparently having trouble meeting its obligations to its customers." (*Id.* at ¶ 29.) CMHA alleges that it "relied on ETEC's representations by, among other things: (i) continuing the contractual relationship with ETEC (not 10-8 Systems), (ii)

paying $44,200.00 in 2004 for the 10-8 Systems products and services and (iii) failing to immediately file suit against 10-8 Systems when it might have some assets that could be reached." (*Id.* at ¶ 30.)

In Count IV of the Amended Complaint, CMHA attempts to bring a claim of negligent misrepresentation against ETEC. (*Id.* at ¶¶ 33-36.) CMHA states, "Even assuming *arguendo* that ETEC was not guilty of intentional misrepresentation or fraud, it negligently supplied false information for the guidance of CMHA who justifiably relied on said information." (*Id.* at ¶ 35.) Based on the allegations in Counts I through IV, CMHA seeks compensatory damages in excess of $300,000.00 and interest, costs and attorneys' fees. (*Id.* at 8.)

In April 2005, ETEC removed the case to this Court. ETEC subsequently filed a motion to dismiss CMHA's Amended Complaint. (ECF # 3.) CMHA has filed Briefs in Opposition to ETEC's Motion (ECF # 18, 21, 23), and ETEC has filed a Reply. (ECF # 19). Thus, ETEC's Motion has been briefed fully and is now properly before the Court for consideration.

## II. STANDARD OF REVIEW

On a motion to dismiss brought pursuant to Rule 12(b)(6), the court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (6th Cir. 1990). The court "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct.

1041 (1996). However, while construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993). Thus, a plaintiff must plead more than bare legal conclusions. "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 434, 436 (6th Cir. 1993)). It is with these standards in mind that the instant Motion must be decided.

### III. DISCUSSION

In resolving ETEC's Motion to Dismiss, the Court first examines Counts I and II of the Amended Complaint, and then separately considers Counts III and IV.

### A. Counts I And II

Count I of the Amended Complaint involves ETEC's alleged breach of contract due to its failure to provide (1) the LEADS/NCIC interface and (2) services upgrades, customer support and maintenance. (Am. Compl. at ¶¶ 22-23.) Count II of the Amended Complaint seeks recovery of the $19,000.00 that CMHA claims to have paid "for the LEADS/NCIC interface." (*Id.* at ¶ 25.)

ETEC claims that the "only contract attached to the Complaint for the software" was the 1999 contract between 10-8 Systems and CMHA, and, because it was not a party to that contract, it cannot, as a matter of law, be liable under Counts I and II. (ECF # 3 at 5.) In opposing ETEC's Motion, CMHA makes clear that Counts I and II indeed involve the 1999 contract between it and 10-8 Systems. (ECF # 18 at 11.) CMHA does not contend that ETEC was a party

to the contract; rather, it asserts that "ETEC *assumed* the obligations of 10-8 Systems under the contract. . . ." (*Id.* (emphasis in original).) Such allegations are present in the Amended Complaint, wherein CMHA asserts that ETEC took "over for 10-8 Systems in the contractual relationship." (Am. Compl. at ¶ 10.)

"Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 697 (6th Cir. 1996) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Applying the liberal notice pleading standards to CMHA's breach of contract claims, the Court finds that, although the allegations in the Amended Complaint were perhaps inartful and not as particular as they could have been, CMHA has plead facts sufficient to state a claim in Counts I and II of the Amended Complaint. The Amended Complaint puts ETEC on notice that CMHA intends to pursue claims for breach of contract based on its position that ETEC assumed the responsibilities of 10-8 Systems under the 1999 Agreement. As such, CMHA has pleaded the elements of breach of contract sufficient to overcome ETEC's Motion to Dismiss as it relates to Counts I and II of the Amended Complaint. Based on the foregoing, the Court DENIES ETEC's Motion to Dismiss as it relates to Counts I and II of the Amended Complaint.

### B. Count III

In Count III of the Amended Complaint, CMHA attempts to set forth a claim of fraud against ETEC. (Am. Compl. at ¶¶ 27-32.) The allegedly false statements at issue in CMHA's claim arise from the August 2003 letter to CMHA from Mr. Ward. (*Id.* at ¶ 28 (citing ¶ 8, Ex. C).) CMHA likewise brings the claim based on a purported concealment of a fact; namely,

ETEC's failure to "disclose the fact that 10-8 Systems was apparently having trouble meeting its obligations to its customers." (*Id.* at ¶ 29.)

ETEC argues that Count III should be dismissed for several reasons. First, ETEC asserts that the fraud claim should be dismissed because it constitutes an improper attempt by CMHA to recast its contract claims in tort. (ECF # 3 at 8-9.) The economic loss doctrine prohibits a plaintiff from recovering economic losses in tort that arise due to "a breach of duties assumed only by agreement." *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412, 414 (2005). The doctrine applies only if the claimant fails to allege a "separate and unique duty not created by contract which would exist even in the absence of a contract." *Ohio Bell Tel. Co. v. Corecomm Newco, Inc.*, 214 F. Supp. 2d 810, 819 (N.D. Ohio 2002).

In this case, the allegations in Count III arise independent of any duty arising in contract. CMHA asserts that ETEC breached its common law duty not to deceive by making false statements in the August 2003 letter to CMHA from Mr. Ward, and in failing to disclose that 10-8 Systems having trouble meeting its obligations. Thus, CMHA's allegations do not relate to the 1999 contract, nor does CMHA allege that the August 2003 letter created a contractual obligation. Accordingly, the allegations in Count III are not barred by the economic loss doctrine.

Next, ETEC asserts that the Court should dismiss CMHA's fraud claim because the August 2003 letter does not contain "actionable statements of fact, but opinions, and to the extent the Plaintiff alleges statements of fact, it cannot tie any reliance or damages to those statements." (ECF # 3 at 9.) With respect to the allegedly false statements in the August 2003 letter, ETEC's arguments are more appropriately made in a motion for summary judgment, rather than in its

7

Motion to Dismiss. In order to prevail on its fraud claim, CMHA is required to produce evidence sufficient to establish all of the elements of that claim. It need not do so at this stage of the litigation. Therefore, ETEC's Motion to Dismiss Count III on this basis is DENIED.

To the extent that CMHA's claim is based on ETEC's alleged failure to disclose that 10-8 Systems was having trouble meeting its obligations, however, the Motion to Dismiss is GRANTED. When a fraud claim is based upon a purported concealment of fact, the plaintiff must allege that the defendant had a duty to disclose the information at issue. *See Federated Management Co. v. Coopers & Lybrand*, 137 Ohio App. 3d 366, 383-85 (Ohio Ct. App. 10th Dist. 2000). "[A] duty to disclose arises primarily in a situation involving a fiduciary or other similar relationship of trust and confidence." *Id.* at 384. In this case, CMHA's Amended Complaint fails to allege that a special relationship existed between it and ETEC. CMHA does not cure this defect by arguing in opposition to the Motion to Dismiss that a special relationship existed because "CMHA desperately needed 10-8 Systems or ETEC to maintain [CMHA's] system." (ECF # 18 at 20.) Because CMHA's Amended Complaint fails to allege that ETEC had a duty to disclose the information at issue, its fraud claim based on the purported concealment of fact fails.

### C. Count IV

In Count IV, CMHA makes the general assertion that, even if ETEC did not intentionally supply the allegedly false information at issue in Count III, it did so negligently. (Am. Compl. at ¶ 35.) As noted above, CMHA's Amended Complaint fails to allege that a special relationship existed between it and ETEC. As such, its claim for negligent misrepresentation must be dismissed. *See Picker Int'l, Inc. v. Mayo Found.*, 6 F. Supp. 2d 685, 689 (N.D. Ohio 1998)

(noting that a "core requirement" of negligent misrepresentation under Ohio law is that a special relationship exist between the parties). Thus, ETEC's Motion to Dismiss Count IV of the Amended Complaint is GRANTED.

### IV. CONCLUSION

Based upon the foregoing, ETEC's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (ECF # 3.) More specifically, ETEC's Motion is GRANTED to the extent that it seeks to dismiss the portion of Count III relating to ETEC's purported concealment of fact. The Motion is likewise granted as it applies to Count IV of the Amended Complaint. To the contrary, ETEC's Motion to Dismiss is DENIED as it relates to Counts I and II of the Amended Complaint. The Motion is further DENIED as to the portion of Count III based on the allegedly false statements contained in the August 2003 letter.

This case shall proceed to trial at **8:30 a.m. on Monday, April 3, 2006.**

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 2, 2006